IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GEORGE WALKER IV,

       Petitioner,

v.                                          CASE NO. 1:12-cv-282-RH-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

       Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by fling a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his April 2005 jury-trial conviction in Alachua County of one count of sexual battery on a person less than 12, for which he received a life sentence.  Doc. 1.   This is Petitioner's first federal habeas corpus petition challenging this conviction.    Petitioner executed the Petition on December 14, 2012. *Id*.  Respondent filed a motion to dismiss the Petition as time-barred, Doc. 13, and Petitioner filed a reply in opposition, Doc. 16.  For the following reasons, the undersigned recommends that the motion to dismiss be denied and that Respondent be directed to file a response addressing the merits of the Petition.

## One-Year Limitation Period

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions.  The one-year limitations period begins to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"   The one-year limitations period is statutorily tolled

during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances." 28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

<u>**Discussion**</u>

The procedural history of Petitioner's case is summarized in the Respondent's motion, as supported by attached state-court records.  Petitioner was sentenced to life without the possibility of parole for the capital sexual-battery conviction (Count I) and to 364 days imprisonment for a conviction on a second count of resisting arrest (Count II), with 364 days' credit for time served only as to Count II.  Doc. 14-1 at 167-76 (sentencing transcript); 124-29 (judgment of conviction).  The First DCA affirmed Petitioner's conviction and sentence *per curiam* without opinion on August 24, 2006; rehearing was denied on October 5, 2006.  Doc. 14-2 at 403, 410.  Petitioner filed postconviction motions during the pendency of his appeal seeking access to Department of Children and Families (DCF) documents and records pertaining to his case.  The first such motion was denied and the denial was affirmed *per curiam* without opinion by the First DCA, with rehearing denied on March 23, 2007.  Doc. 14-2 at 465. The second and third motions, styled as motions to compel production of documents, were denied and the denial was affirmed *per curiam* without opinion by the First DCA on June 12, 2008.  *Walker v. State*, 983 So.2d 1157 (Fla. 1st DCA 2008) (table).

Petitioner filed his first postconviction motion pursuant to Fla. R. Crim. P. 3.850 on April 16, 2008.  Doc. 14-3 at 96.  The motion was denied after an evidentiary hearing, the First DCA affirmed *per curiam* without opinion on September 14, 2010, and rehearing was denied on November 3, 2010.  Doc. 14-3 at 254-58; Doc. 14-4 at 134,

151.

On December 2, 2010, Petitioner submitted a certiorari petition to the First DCA, alleging that the postconviction court failed to comply with the requirements of Rule 3.850. It was denied without opinion and rehearing was denied on April 28, 20111. Doc. 14-4 at 293, 295. The Florida Supreme Court dismissed Petitioner's request for discretionary review for lack of jurisdiction. Doc. 14-4 at 315.

On February 3, 2011, a second Rule 3.850 motion was filed in the trial court. Doc. 14-4 at 356-66; Doc. 14-5 at 1-12. Although Petitioner represented that the petition was signed and filed in January 2007, the state court questioned the validity of the certificate of service and determined that the motion was untimely. Doc. 14-5 at 14-15. The First DCA affirmed *per curiam* without opinion and rehearing was denied on September 27, 2011. Doc. 14-5 at 117, 119.

On April 27, 2011, Petitioner sought a belated appeal in the First DCA to challenge the denial of his motion to compel the production of records relating to his case. The petition was denied *per curiam* without written opinion. Doc. 14-5 at 131-32, 148.

On August 31, 2011, Petitioner submitted a petition for a writ of habeas corpus to the First DCA alleging ineffective assistance of appellate counsel. Doc. 14-5 at 150-65. The First DCA denied the petition on the merits in a *per curiam* order on September 23, 2011.

On November 17, 2011, Petitioner filed a third Rule 3.850 motion. Doc. 14-5 at 229-47. It was denied as untimely. Doc. 14-5 at 251-52.

Also on November 17, 2011, Petitioner filed a Motion to Correct Illegal Sentence,

styled as a "Motion to Allow for County Jail Time," pursuant to Fla. R. Crim. P. 3.800(a).

Petitioner alleged that the trial court erred in the amount of jail credit awarded against

his sentence.  Doc. 14-5 at 248-50.  The court granted the motion in part.  The court

noted that Petitioner had been sentenced to life imprisonment "with no credit for time

served" on Count I, the sexual battery count, and to 364 days imprisonment in county

jail on Count II (resisting arrest), with credit for 364 days time served.  Doc. 14-5 at 255.

The court concluded that Petitioner was entitled to additional credit for time served as to

Count I.  The court amended Petitioner's sentence on Count I to reflect 525 days of

credit for time served, *nunc pro tunc* to June 13, 2005, the date of Petitioner's judgment

of conviction.  *Id*. at 255-56.  The order amending Petitioner's sentence was entered

December 20, 2011, and the order noted that Petitioner had thirty days to appeal.  *Id*.

Respondent argues that Petitioner's conviction became final on January 3, 2007,

90 days after rehearing was denied on his direct appeal on October 5, 2006.

Respondent contends that the postconviction motions seeking the production of DCF

document did not toll the one-year federal habeas limitations period because such

motions were not an attack on Petitioner's conviction.  Doc. 13 at 5.

A state court motion is not a tolling motion unless it attacks the legality of the

underlying sentence or conviction.  *Davis v. Barrow*, 540 F.3d 1323, 1324 (11th Cir.

2008).  Accordingly, the undersigned agrees that Petitioner's postconviction motions

pertaining to the production of DCF documents did not toll the federal limitations period.

Under Respondent's argument, the limitations period therefore expired on or about

January 3, 2008, and Petitioner's subsequent motions attacking his conviction, which

were filed after that date, could not revive the limitations period.  Doc. 13 at 6.

In this case, however, the undersigned concludes that Petitioner is entitled to a later triggering date for the federal habeas limitations period due to the state court's amendment of Petitioner's sentence in December 2012.  In Florida, a sentence which incorrectly calculated jail credit is an illegal sentence.  *See State v. Mancino*, 714 So. 2d 429, 433 (Fla. 1998) (stating that "a sentence that does not mandate credit for time served would be illegal since a trial court has no discretion to impose a sentence without crediting a defendant with time served").[1]  "A judgment setting out the corrected sentence is a new judgment."  *Mundy v. Secretary*, Case No. 5:11-cv-71-RH-GRJ, Doc. 19 (April 18, 2012) (concluding that federal habeas petition was not due to be dismissed as second or successive because Petitioner's sentence had been amended for award of jail credit after first federal petition was dismissed as untimely, and subsequent petition was the first petition challenging the amended judgment) (citing *Magwood v. Patterson*, 130 S. Ct. 2788 (2010); *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1292-93 (11th Cir. 2007); *Campbell v. Sec'y, Dep't of Corr.*, 447 F. App'x 25 (11th Cir. 2011) (unpublished)).[2]

In *Ferreira*, the Eleventh Circuit concluded that "AEDPA's statute of limitations begins to run from the date both the conviction and the sentence the petitioner is

---

[1]Under Florida law, Petitioner was entitled to such credit notwithstanding that he was sentenced to life without parole.  "Section 921.161(1), Florida Statutes (1995), requires that defendants receive credit for all of the time spent in the county jail before sentence. The statute and case law do not qualify that this provision is not applicable to those serving life sentences without the possibility of parole. The failure to award jail credit for time served before sentencing constitutes an illegal sentence."  *Crompton v. State*  728 So.2d 1188, 1189 (Fla. 1st DCA 1999) (citing *Mancino*, 714 So.2d 429).

[2]Although unpublished opinions are not binding on this Court, they are persuasive authority.  11th Cir. R. 36-2.

serving at the time he files his application become final because judgment is based on both the conviction and the sentence." *Ferreira*, 494 F.3d at 1293 (emphasis in original) (citing *Burton v. Stewart*, 549 U.S. 147 (2007)). "The judgment to which [section 2254(a) ] refers is the *underlying conviction and most recent sentence* that authorizes the petitioner's current detention." *Id*. at 1292. (emphasis added). Thus, it is error for a district court to fail to calculate the limitations period from the date of the resentencing judgment as mandated by *Ferreira*. *Stites v. Secretary* 278 Fed. App'x. 933, 934-935, 2008 WL 2122541, *1 (11ᵗʰ Cir. 2008).

Respondent does not address the impact of *Ferreira* on the calculation of Petitioner's limitations period except to note that "no new judgment was entered" following Petitioner's resentencing. Doc. 13 at 4. *Ferreira* makes clear that "judgment" for purposes of § 2254(a) means Petitioner's underlying conviction and his "most recent" sentence. *Ferreira*, 494 F.3d at 1292. Petitioner's "most recent sentence" was imposed on December 20, 2011. Doc. 14-5 at 255-56. Further, that the state court intended the amended sentence as a "judgment" seems clear from the notation that Petitioner had 30 days within which to appeal the amended sentence. *Id*. Under these circumstances, the undersigned concludes that for purposes of the federal limitations period the judgment under attack in the instant Petition is Petitioner's underlying conviction and December 20, 2011, amended sentence, which became final on or about January 19, 2012, when the thirty-day period for filing an appeal expired. Thus, Petitioner had until on or about January 19, 2013, to file his federal habeas petition, and

the instant petition, delivered to prison officials for mailing on December 14, 2012, is

timely.

Accordingly, it is respectfully **RECOMMENDED:**

The motion to dismiss the Petition as time-barred, Doc. 13, should be **DENIED** and this case referred to the undersigned for entry of an order directing a response to the Petition and further proceedings.

**IN CHAMBERS**  this 11th day of April  2014.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.