IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


GEORGE WALKER IV,

    Petitioner,

v.                                  CASE NO. 1:12cv282-RH/GRJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____/


## ORDER DENYING THE MOTION TO DISMISS


      By petition for a writ of habeas corpus under 28 U.S.C. § 2254, George Walker IV challenges his Florida state-court conviction and sentence. The respondent has moved to dismiss, asserting that the petition was filed after expiration of the one-year limitations period. The conviction and original sentence were entered in 2005. But the state court amended the sentence in 2011. Mr. Walker filed this § 2254 petition within one year after the sentence was amended.

      The motion to dismiss is before the court on the magistrate judge's report and recommendation, ECF No. 17, and the objections, ECF No. 19. I have reviewed de novo the issues raised by the objections. The report and

recommendation correctly concludes that the one-year limitations period runs from the 2011 amendment, not from the 2005 original conviction and sentence. The petition is timely.

The state court entered the 2011 amendment because the 2005 sentence failed to give Mr. Walker credit for time served. In Florida, a sentence that fails to give credit for time served is an illegal sentence. *See State v. Mancino*, 714 So. 2d 429, 433 (Fla. 1998) (stating that "a sentence that does not mandate credit for time served would be illegal since a trial court has no discretion to impose a sentence without crediting a defendant with time served"). When a sentence is substantively corrected, the defendant is, from that day forward, in custody on the corrected sentence, not on the original sentence. So Mr. Walker is now in custody on the 2011 order setting out the only legal sentence; Mr. Walker is not in custody on the 2005 order setting out the illegal (and now vacated) sentence.

The respondent says the change was only technical, much like correcting a typographical error would be technical. But this was a substantive change. Florida law makes that clear.

The question, then, is whether the statute of limitations for a federal habeas petition runs from the date of the original conviction and sentence or from the date of the corrected sentence.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") allows a federal court to grant relief from a state-court conviction and sentence but limits the grounds on which a federal court can do so. 28 U.S.C. § 2254. And AEDPA provides a one-year limitations period for a petition seeking such relief. *Id*. § 2244(d)(1). The limitations period runs from the latest of four possible triggers. *Id*. The only trigger that applies in this case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id*. § 2244(d)(1)(A).

The "judgment" to which this provision applies is the most recent version—the one on which the petitioner is in custody—not an earlier version that has been superseded. The Eleventh Circuit has explained it this way: "the judgment to which AEDPA refers is the underlying conviction and *most recent sentence* that authorizes the petitioner's current detention." *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1292 (11th Cir. 2007) (emphasis added). Based on this principle, *Ferreira* held a petition timely. This court has applied *Ferreira* in precisely the circumstance involved here: a sentence that was corrected to give credit for time served. *See Mundy v. Sec'y, Dep't of Corr.*, No. 5:11cv71-RH/GRJ (N.D. Fla. Apr. 18, 2012) (unpublished order).

These decisions draw further support from cases addressing a related issue—whether a petition is a second or successive challenge to the "judgment" on which

a petitioner is in custody, within the meaning of the AEDPA provisions limiting a petitioner's ability to pursue a second or successive challenge.  The law is now settled that a revised sentence is a new "judgment" and that the first petition challenging the new judgment is not second or successive.  *See Magwood v. Patterson*, 561 U.S. 320 (2010); *Campbell v. Sec'y, Dep't of Corr.*, 447 F. App'x 25 (11th Cir. 2011) (unpublished opinion); *see also Wentzell v. Neven,* 674 F.3d 1124 (9th Cir. 2012); *Johnson v. United States*, 623 F.3d 41 (2d Cir. 2010); *but cf. Martin v. Bartow*, 628 F.3d 871 (7th Cir. 2010).

So settled authority—including decisions of the Supreme Court, the Eleventh Circuit, and this court—indicates that the statute of limitations runs from the 2011 amended sentence.  This is the most recent sentence—the sentence on which Mr. Walker is in custody, and on which he was in custody when this petition was filed.

The respondent says, though, that the state court did not label its 2011 order an "amended judgment."  The respondent says that because the order amending the sentence was not labeled a "judgment," it does not count.  But under Florida law, the amendment was indeed a judgment, subject to appeal just as was the original judgment.  More importantly, a "judgment" under AEDPA is the state-court order imposing the sentence on which the petitioner is in custody, whether the state calls the order a "judgment" or a "sentence" or "Mary Beth."

Case No.   1:12cv282-RH/GRJ

That this is the correct meaning of "judgment" is confirmed by the use of that word not only in § 2244 (as a trigger for the statute of limitations), but also in § 2254 (in setting out the restrictions on federal review of state-court convictions and sentences). All of § 2254—and thus the limited scope of federal review—applies only to "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the *judgment* of a State court . . . ." 28 U.S.C. § 2254 (emphasis added). If Mr. Walker asserted that a federal court could grant relief from the sentence he is serving without regard to the § 2254 restrictions on the scope of review, on the ground that the sentence is not a "judgment," the respondent would be the first to object. And rightly so. The 2011 sentence is a "judgment" within the meaning of § 2254 and thus can be set aside by a federal court only if Mr. Walker meets the stringent standards of § 2254. And the 2011 sentence is also a "judgment" within the meaning of § 2244. A petition filed within one year after that sentence was entered—as this petition was—is timely.

For these reasons,

IT IS ORDERED:

The report and recommendation is ACCEPTED and adopted as the court's further opinion.  The defendant's motion to dismiss, ECF No. 13, is DENIED. This matter is remanded to the magistrate judge for further proceedings.

SO ORDERED on May 17, 2014.

s/Robert L. Hinkle
United States District Judge
