IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GEORGE WALKER IV,

      Petitioner,

v.                                  CASE NO. 1:12-cv-282-RH-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

      Respondent.

_____/

## **<u>REPORT AND RECOMMENDATION</u>**

Petitioner initiated this case by fling a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his April 2005 jury-trial conviction in Alachua County of one count of sexual battery on a person less than 12, for which he received a life sentence.  ECF. 1.  Petitioner was convicted in a second count of resisting arrest without violence.  *Id*.  The Court found that the Petition is timely and denied Respondent's motion to dismiss.  ECF Nos. 17, 20.  The Respondent filed a response to the merits of the Petition, ECF No. 22, and Plaintiff filed a reply, ECF No. 25.  Upon due consideration of the Petition, the response, the state-court record, and the reply, the undersigned recommends that the Petition be denied.[1]

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

# I.  <u>State-Court Proceedings</u>

Petitioner was sentenced to life without the possibility of parole for the capital sexual-battery conviction (Count I) and to 364 days of imprisonment for a conviction on a second count of resisting arrest (Count II), with 364 days' credit for time served only as to Count II.  ECF No. 14-1 at 167-76 (sentencing transcript); 124-29 (judgment of conviction).  The First DCA affirmed Petitioner's conviction and sentence *per curiam* without opinion on August 24, 2006; rehearing was denied on October 5, 2006. ECF No. 14-2 at 403, 410.  Petitioner filed postconviction motions during the pendency of his appeal seeking access to Department of Children and Families (DCF) documents and records pertaining to his case.  The first such motion was denied and the denial was affirmed *per curiam* without opinion by the First DCA, with rehearing denied on March 23, 2007.  ECF No. 14-2 at 465.   The second and third motions, styled as motions to compel production of documents, were denied and the denial was affirmed *per curiam* without opinion by the First DCA on June 12, 2008.  *Walker v. State*, 983 So.2d 1157 (Fla. 1st DCA 2008) (table).

Petitioner filed his first postconviction motion pursuant to Fla. R. Crim. P. 3.850 on April 16, 2008.  ECF No. 14-3 at 96.  The motion was summarily denied in part, with the remainder being denied after an

evidentiary hearing.  The First DCA affirmed *per curiam* without opinion on September 14, 2010, and rehearing was denied on November 3, 2010. ECF No. 14-3 at 254-58; ECF No. 14-4 at 134, 151.

On December 2, 2010, Petitioner submitted a certiorari petition to the First DCA, alleging that the postconviction court failed to comply with the requirements of Rule 3.850.  It was denied without opinion and rehearing was denied on April 28, 20111.  ECF No. 14-4 at 293, 295.  The Florida Supreme Court dismissed Petitioner's request for discretionary review for lack of jurisdiction.  ECF No. 14-4 at 315.

On February 3, 2011, a second Rule 3.850 motion was filed in the trial court.  ECF No. 14-4 at 356-66; ECF No. 14-5 at 1-12.  Although Petitioner represented that the petition was signed and filed in January 2007, the state court questioned the validity of the certificate of service and determined that the motion was untimely.  ECF No. 14-5 at 14-15.  The First DCA affirmed *per curiam* without opinion and rehearing was denied on September 27, 2011.  ECF No. 14-5 at 117, 119.

On April 27, 2011, Petitioner sought a belated appeal in the First DCA to challenge the denial of his motion to compel the production of records relating to his case.   The petition was denied *per curiam* without written opinion.  ECF No. 14-5 at 131-32, 148.

On August 31, 2011, Petitioner submitted a petition for a writ of
habeas corpus to the First DCA alleging ineffective assistance of appellate
counsel.  ECF No. 14-5 at 150-65.  The First DCA denied the petition on
the merits in a *per curiam* order on September 23, 2011.

On November 17, 2011, Petitioner filed a third Rule 3.850 motion.
ECF No. 14-5 at 229-47.  It was denied as untimely.  ECF No. 14-5 at 251-
52.

Also on November 17, 2011, Petitioner filed a Motion to Correct
Illegal Sentence, styled as a "Motion to Allow for County Jail Time,"
pursuant to Fla. R. Crim. P. 3.800(a).  Petitioner alleged that the trial court
erred in the amount of jail credit awarded against his sentence.  ECF No.
14-5 at 248-50.  The court granted the motion in part and amended
Petitioner's sentence on Count I to reflect 525 days of credit for time
served, *nunc pro tunc* to June 13, 2005, the date of Petitioner's judgment
of conviction.  *Id*. at 255-56.  The order amending Petitioner's sentence
was entered December 20, 2011.  *Id*.

The instant federal habeas petition followed.  Petitioner asserts nine
claims for relief.  Claims five, six, and nine pertain to alleged trial court
errors.  Claims one through four, seven, and eight allege ineffective
assistance of trial counsel.  ECF No. 1.  Respondent contends that some

of Petitioner's claims are unexhausted, and that the remainder should be denied on the merits.  ECF No. 22.

## II.  Section 2254 Exhaustion Requirement

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion.  28 U.S.C. § 2254(b)(1), (c).  Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged violations of its prisoners' federal rights."  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation omitted).

When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted. *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999).  Federal habeas courts are precluded from reviewing the merits of procedurally

defaulted claims unless the petitioner can show either (1) cause for the failure to properly present the claim and actual prejudice from the default, or (2) that a fundamental miscarriage of justice would result if the claim were not considered. *Id*. at 1302, 1306.  A fundamental miscarriage of justice exists "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010).  To state a credible claim of actual innocence, a petitioner must present new reliable evidence that was not presented at trial showing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

### III.  Section 2254 Standard of Review

For claims that are properly exhausted, the Anti-Terrorism and Effective Death Penalty Act (AEDPA) imposes further limitations on the scope of this Court's review.   Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Under § 2254(e)(1), "a determination of a

factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  "'[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'" *Burt v. Titlow*, ____ U.S. ____, 2013 WL 5904117, *4 (2013)(quoting *Wood v. Allen*, 558 U.S. 290, 301, 130 S.Ct. 841(2010)).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1); *see Burt*, 2013 WL 5904117, *4 (standard for reviewing claims of legal error by state courts is "highly deferential").   This standard "recognizes a foundational principle of our federal system: State courts are adequate forums for the vindication of federal rights."  *Id*.   This highly deferential standard carries special force in habeas cases asserting ineffective assistance claims: "Especially where a case involves such a common claim as ineffective assistance of counsel

under *Strickland*[2]—a claim state courts have now adjudicated in countless criminal cases for nearly 30 years—'there is no intrinsic reason why the fact that a man is a federal judge should make him more competent, or conscientious, or learned . . . than his neighbor in the state courthouse.'" *Id*. (quoting *Stone v. Powell*, 428 U.S. 465, 494, n. 35, 96 S.Ct. 3037 (1976)).

In view of the deference afforded to the state courts' adjudication of constitutional claims, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court. AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'"   *Id*. (quoting *Harrington v. Richter*, 562 U.S. ___, 131 S.Ct. 770, 786–787 (2011).   "'If this standard is difficult to meet'—and it is—'that is because it was meant to be.'" *Id*. (quoting *Harrington*, 131 S.Ct. at 786).   "We will not lightly conclude that a State's criminal justice system

---

[2]*Strickland v. Washington*, 466 U.S. 668, 686 (1984) (holding that to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy.  A court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong).

has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Id.* (quoting *Harrington*, 131 S.Ct. at 786).

## IV. <u>Discussion</u>

### A. *Claims Pertaining to Trial Court Error (Claims Five, Six, and Nine)*

#### 1. *Ground Five:*

In Ground Five, Petitioner contends that the trial court lacked subject matter jurisdiction based on an error in the charging document.  ECF No. 1.  The Petition provides no factual detail explaining this ground, nor does Petitioner's reply elaborate on the basis for this claim.  *See* ECF No. 25.

Petitioner asserted in state postconviction proceedings that the charging information was defective because it was not supported by the sworn testimony of a material witness.  The state court rejected this claim as untimely because Petitioner did not challenge the information prior to entering a plea to the information.  ECF No. 14-3 at 183 (state court discussion of postconviction claim nine).  Further, Petitioner, who was represented by appointed counsel in his state postconviction proceeding and appeal, did not appeal the state court's denial of this claim. Respondent contends that this claim is therefore procedurally defaulted and foreclosed from federal habeas review.  ECF No. 22.

In the appeal from the denial of Petitioner's first Rule 3.850 motion,

appointed appellate counsel raised six grounds for appeal and filed a brief

pursuant to *Anders v. California*, 386 U.S. 738 (1967), as to Petitioner's

remaining claims, including the instant claim.   Petitioner was permitted an

opportunity to file a *pro se* brief, but the record does not reflect that he did

so.  The First DCA affirmed *per curiam* without opinion, and denied

rehearing.  ECF No. 14-4 at 100-151.  Petitioner subsequently filed a

habeas corpus petition in the First DCA alleging that appellate counsel was

ineffective for filing an *Anders* brief.  ECF No. 14-5 at 150-65.  The First

DCA denied the petition on the merits.  ECF No. 14-5 at 173.

    Under these circumstances, the Court concludes that this claim is

procedurally defaulted and foreclosed from federal habeas review because

Petitioner failed to appeal the state court's denial of the claim.  Petitioner

was afforded the opportunity to file a *pro se* brief on appeal asserting any

additional claims that were not raised in counsel's brief, and did not do so.

    Even if the claim were not procedurally defaulted and foreclosed from

review, it is clear that Petitioner is not entitled to relief on the merits, and

the Court may deny relief notwithstanding any failure to exhaust.  28 U.S.C

§ 2254(b)(2).  A habeas petition grounded on issues of state law provides

no basis for habeas relief, as a violation of a state statute or rule of

procedure is not, in itself, a violation of the federal constitution.  *Engle v.*

*Isaac*, 456 U.S. 107, 120-21 (1982);  *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989).  A federal writ of habeas corpus is only available in cases of federal constitutional error.  *See Jones v. Goodwin,* 982 F.2d 464, 471 (11th Cir.1993); *Krasnow v. Navarro,* 909 F.2d 451, 452 (11th Cir.1990).

In summarily rejecting this claim on postconviction review, the state court found under state law that "'no objection to an information can be entertained after the defendant pleads to the merits.'" ECF No. 14-5 at 49 (quoting *Logan v. State*, 1 So. 3d 1253, 1254 (Fla 4th DCA 2009)).  The court in *Logan* held that pursuant to Fla. R. Crim. P Rule 3.140(g), no objection to an information on the ground that it is not signed or verified can be entertained after the defendant pleads to the merits, and that such a claim does not provide any basis for postconviction relief.  *Logan*, 1 So. 3d at 1254.  The state court's determination, under state law, that postconviction relief was not available on Petitioner's claim does not provide a basis for federal habeas relief.

## 2.  *Ground Six*

In Ground Six, Petitioner contends that the prosecution violated

*Brady*.[3]  The Petition does not explain the factual basis for this claim.  *See*

ECF No. 1 at 8.  In his reply to Respondent's response in opposition to the

Petition, Petitioner refers to "exculpatory records" that he should have

received, but he provides no explanation as to how the records were

exculpatory.  Further, he also contradicts himself by asserting that his trial

counsel *did* have the alleged exculpatory documents "and failed to use

them."  ECF No. 25 at 12.  It is not the Court's obligation to sift through the

record on habeas review in order to elucidate some possible factual basis

for Petitioner's claim that exculpatory records exist.

In Petitioner's postconviction proceeding, he alleged in his tenth

ground that the Department of Children and Families' (DCF) Child

Protection Team refused to comply with court orders compelling the

production of documents.  Petitioner conclusionally alleged that such

evidence "could completely exonerate him."  He also alleged that the State

had destroyed evidence and exhibited bad faith.  ECF No. 14-3 at 105-07.

In summarily rejecting this claim on postconviction review, the state

court noted that Child Protection Team (CPT) reports were the subject of a

---

[3]*Brady v. Maryland*, 373 U.S. 83, 87 (1963).  Brady held that "the suppression by
the prosecution of evidence favorable to an accused upon request violates due process
where the evidence is material either to guilt or to punishment, irrespective of the good
faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87.

motion to compel by defense counsel.  The court stated that it granted the motion, and "the documents would have then been provided to trial counsel."  The court also observed that Petitioner had failed to provide any explanation as to how the records were exculpatory.  Petitioner had filed postconviction motions seeking production of documents, and the State responded that they were not part of the State's file.  However, such documents had been provided directly to Petitioner by DCF, and the court observed that Petitioner could have provided them to counsel.  The court concluded that there was no *Brady* violation because the State did not possess the records that Petitioner claimed were withheld.  The court found this ground for relief "without merit."  ECF No. 14-3 at 183-84.

The Respondent has provided a copy of the subject motion to compel filed by Petitioner's trial counsel, which sought "all related documents, video interviews, ... photographs and documents represented [sic] by Department of Children and Families [DCF], Child Protection Team" related to the criminal charge against Petitioner, as well as the trial court's order granting counsel's motion.  *See* ECF No. 23.   Respondent notes that there is nothing in the trial record reflecting that the documents were not produced, and "[i]nferentially, all such information was provided, as the postconviction court concluded."  ECF No. 22 at 5.

Petitioner points to nothing in the record that contradicts the state court's conclusion that any relevant DCF documents had been produced, and there was no merit to his *Brady* claim.  Particularly in the absence of any cogent argument that unproduced documents would exculpate Petitioner, the Court concludes that Petitioner has failed to show that the state court's rejection of this claim was an unreasonable determination of the facts, or that the decision is contrary to, or an unreasonable application of, federal law.

### 3.  Ground Nine

Petitioner contends that he was convicted of a crime that was not charged in his information.   Petitioner contends that this claim was raised in the state court in a Rule 3.850 motion "and can be raised at any time." Petitioner contends it was not raised on initial review due to ineffective assistance of counsel.  ECF No. 1 at 9.

Petitioner does not explain how he was convicted of a crime that was not charged, nor does he identify in which Rule 3.850 motion/amended motion he asserted this claim.  The Respondent notes that in none of Petitioner's postconviction motions or supplemental motions did Petitioner claim that he was convicted of an uncharged crime.  ECF No. 22 at 5-6. Petitioner points to nothing in the record that contradicts the Respondent's

argument.  *See* ECF No. 25.

To the extent that the Petition may liberally be construed as asserting

that the claim may be reviewed as one of ineffective-assistance pursuant

to *Martinez v. Ryan*, ___U.S. ___, 132 S.Ct. 1309 (2012), Petitioner is not

entitled to relief.  In *Martinez*, the Supreme Court considered whether

ineffective assistance of counsel at an "initial-review collateral proceeding

on a claim of ineffective assistance at trial may provide cause for a

procedural default in a federal habeas proceeding."  *Martinez*, 132 S.Ct.

1315.  In appropriate circumstances, *Martinez* provides prisoners cause for

overcoming procedural default of an ineffective-assistance claim so long as

certain narrow conditions are met.  *See Trevino v. Thaler*, ___ U.S. ___,

133 S.Ct. 1911, 1918 (2013) (to overcome procedural default, petitioner

must have substantial claim of ineffective assistance of trial counsel; be

unrepresented or represented by ineffective counsel during state collateral

review that is the initial review regarding that claim; and state law requires

that an ineffective assistance claim be raised in an initial-review collateral

proceeding).

In this case, Petitioner was convicted pursuant to an Amended

Information charging him with sexual battery of a child less than 12 years

old and resisting arrest without violence.  ECF No. 14-1 at 73 (information),

111-12 (jury's verdict).  These documents factually refute Petitioner's

underlying claim that he was convicted of an uncharged crime.  Petitioner

points to nothing in the record from which the Court could conclude that his

information and conviction pursuant to that information presents any

factual basis for an ineffective-assistance claim, let alone a "substantial"

ineffective-assistance claim pursuant to *Martinez.*  On this record, the

Court concludes that Petitioner's claim is procedurally defaulted and

foreclosed from federal habeas review.

### B.  Ineffective-Assistance Claims

#### 1.  Ground One

Petitioner claims that his trial counsel was ineffective for failing to

impeach the victim's testimony with prior inconsistent statements.   ECF

No. 1 at 6.  Again, the Petition is devoid of any factual allegations in

support of this claim.

In summarily rejecting this claim on postconviction review, the state

court found as follows:

> Defendant alleges that the victim told [the DCF investigator]
> that Defendant put his had [sic] "around her vaginal area."  At
> trial, the victim testified that Defendant penetrated her with his
> finger.  Defendant claims that trial counsel should have used
> the DCF reports to impeach the victim or asked [DCF
> investigator Ferranti] about her prior inconsistent statements.
> In all three of Ferranti's reports of interviews with the victim

Ferranti reports that the victim stated that Defendant had his
finger inside of the victim. . . . there are no reports from Ferranti
where the victim stated that Defendant had his hands "around"
her vagina.  Therefore no prior inconsistent statements were
made to Ferranti that trial counsel could have used to impeach
the victim.  This claim is without merit.

ECF No. 14-3 at 179-80.

Petitioner points to nothing in the record that supports his claim that

the victim in fact made any prior statements that were inconsistent with her

testimony, nor does he provide any cogent argument as to why the state

court's rejection of this claim provides any basis for habeas relief.   On this

record, the undersigned concludes that Petitioner has failed to show that

the state court's rejection of this ineffective-assistance claim was "so

lacking in justification that there was an error . . . beyond any possibility for

fairminded disagreement.'"   *Burt,* 134 U.S. at 15.

## 2. *Ground Two*

Petitioner claims that his trial counsel was ineffective for failing to

obtain "certain DCF records which contained inconsistent statements of the

victim."  ECF No. 1 at 6.  As the state court found— and as explained in

the discussion of Petitioner's Grounds Six and One, above— Petitioner has

failed to show that any records exist that were not produced that are

exculpatory to him, and has failed to show that the state court's conclusion

regarding the victim's statements lacks justification.   *See* ECF No. 14-3 at 180, 183-84  (rejecting this claim for the reasons discussed above).

Accordingly, for the same reasons discussed above, Petitioner has failed to show that the state court's rejection of this ineffective-assistance claim was "so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'"   *Burt,* 134 U.S. at 15.

### *3.   Ground Three*

Petitioner claims that his trial counsel was ineffective for "misadvising [Petitioner] not to challenge the admissibility of a videotaped interview." ECF No. 1 at 7.  The Petition is devoid of any description of the referenced interview or why its admissibility was subject to challenge.

This claim apparently refers to the victim's videotaped statement that she gave to law enforcement officers at the Child Advocacy Center three days after the assault.  *See* ECF No. 14-3 at 181 (state court's discussion of Petitioner's ground four in his Rule 3.850 motion), ECF No. 14-1 at 423-34 (trial transcript of videotape).  Petitioner argued in the state court that the videotaped statement was inconsistent with the victim's prior statements to DCF.  ECF No. 14-3 at 181.  The state court reiterated its finding, discussed above, that the victim's prior statements were not inconsistent.  The state court therefore concluded that Petitioner's

ineffective-assistance claim was without merit because there was no valid ground on which to challenge the admissibility of the videotape.  *Id*.

On this record, the undersigned concludes that Petitioner has failed to show that the state court's rejection of this ineffective-assistance claim was "so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'"  *Burt,* 134 U.S. at 15.

### *4.  Ground Four*

Petitioner claims that his trial counsel was ineffective for allowing evidence to be mischaracterized before the jury.  ECF No. 1 at 7.  This claim is a reference to a statement Petitioner made to Detective French following his arrest.  French testified that Petitioner told her that he was in the victim's bedroom because he was looking for a "computer product key" that the cable company asked him to provide.  A cable company representative testified that she did not know what that was and it was not their procedure to ask for such information.  Defendant testified that he was in the bedroom to look for a computer product key, but not at the behest of a cable company representative.  Petitioner claims that French's testimony was false, and that the State knew it was false when it was presented.  ECF No. 25 at 8-9.

The state court granted Petitioner an evidentiary hearing on this

claim.   In denying relief on this claim, the state court explained that during

the trial, counsel brought to the Court's attention that Petitioner had told

French only that he was on the phone with the cable company when he

entered the victim's room to get the computer product key, and not that the

cable representative had told him to get the product key.  The court gave

defense counsel the opportunity to recall French to clarify her testimony,

but counsel opted not to.  ECF No. 14-3 at 255-56.

The assistant state attorney at Petitioner's trial, Joshua Silverman,

and Detective French testified at the evidentiary hearing.  Silverman

testified that he did not recall a discrepancy between French's trial

testimony and what she reported following her interview of Petitioner.

Silverman, however, did reference the discrepancy in his closing argument

at trial.  French testified that at the time of trial she was not aware of any

discrepancy between her testimony and her report of Petitioner's interview.

Petitioner's trial counsel testified at the evidentiary hearing that he did not

think that the discrepancy was an important feature of the trial, and that

Petitioner had planned to testify in his own behalf before any discrepancy

in French's statement arose.  Petitioner testified at the evidentiary hearing

that he did not want to testify at trial and only did so because of French's

inconsistent testimony.  Petitioner's prior convictions were brought into

evidence during his trial testimony.  ECF No. 14-3 at 255-56 (state court's summary of testimony); ECF No. 14-4 at 2-27 (transcript of evidentiary hearing).

In rejecting this claim on postconviction review, the state court found that Petitioner's testimony regarding his reason for testifying was not credible.  The court determined that French's alleged inconsistent statements regarding why Petitioner was in the victim's bedroom was "not a feature of the trial."  The court concluded that even if defense counsel had re-called French to impeach any inconsistencies, or if a curative instruction had been requested, there would have been no effect on the outcome of the trial.  The court concluded that Petitioner had failed to demonstrate that he suffered prejudice as a result of the inconsistent testimony.  ECF No. 14-3 at 256-7.

To the extent that Petitioner contends he was prejudiced by counsel's performance in connection with French's testimony because Petitioner would not otherwise have testified, the state court specifically found Petitioner's testimony on this point to not be credible.  "Determining the credibility of witnesses is the province and function of state courts, not a federal court engaging in habeas review.  Federal habeas courts have 'no license to redetermine credibility of witnesses whose demeanor was

observed by the state court, but not by them.'" *Consalvo v. Secretary for Dept. of Corrections,* 664 F3d 842, 845 (11ᵗʰ Cir. 2011) (quoting *Marshall v. Lonberger*, 459 U.S. 422 (1983)).  Questions about the credibility of witnesses are questions of fact, and "the AEDPA affords a presumption of correctness to a factual determination made by a state court."  *Id.*   It is Petitioner's burden to rebut the presumption of correctness by clear and convincing evidence.  *Burt v. Titlow, ___ U.S. ___,*  2013 WL 5904117, *4.

Petitioner points to no evidence that rebuts the state court's finding regarding his credibility.  The trial transcript reflects that Petitioner was cautioned as to his right to remain silent and the risks of testifying prior to taking the stand, he acknowledged that he understood his rights, and he voluntarily waived his right to remain silent.  ECF No. 14-1 at 446-47.

Further, Petitioner has failed to show, in light of the record as a whole, that the state court's determination that he was not prejudiced by counsel's performance is contrary to, or an unreasonable application of, federal law.  The evidence against Petitioner included the victim's testimony, her detailed video interview given within a few days of the assault, the testimony of a friend who was with the victim on the night of the assault, the testimony of the victim's mother that Petitioner left an apology on her voicemail, and Petitioner's statements to law enforcement.

ECF No. 14-1 at 180-458; 14-2 at 30-147 (trial transcript).

On this record, the undersigned concludes that Petitioner has failed to show that the state court's rejection of this ineffective-assistance claim was "so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'"  *Burt,* 134 U.S. at 15.

### 5.  Ground Seven

Petitioner contends that trial counsel was ineffective for failing to object to "inflammatory evidence" of flight.  ECF No. 1 at 8.  This claim stems from trial testimony by law enforcement that when they went to Petitioner's home to arrest him three days after obtaining a warrant, Petitioner tried to leave via the back door and did not comply with officers' instructions.  In rejecting this claim on postconviction review, the state court observed that prior to trial Petitioner's counsel did argue that the counts should be severed and that evidence of flight should not be admitted regarding evidence of Petitioner's guilt of sexual battery because the charges did not arise from the same criminal episode and because the evidence was inflammatory.  ECF No. 14-3 at 185-86; ECF No. 14-1 at 188-99 (trial transcript).  The state court therefore rejected the claim that counsel failed to object to the evidence because it was conclusively refuted by the trial record.  ECF No. 14-3 at 185-86.  Petitioner points to nothing

that calls into question the state court's determination that the claim was refuted by the record.  On this record, the undersigned concludes that Petitioner has failed to show that the state court's rejection of this ineffective-assistance claim was "so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'"  *Burt,* 134 U.S. at 15.

### *6.  Ground Eight*

Petitioner claims that his trial counsel was ineffective for failing to file a motion regarding the expiration of the speedy trial period.  ECF No. 1 at 9.

This claim pertains to Petitioner's conviction on Count II, resisting arrest without violence.  *See* ECF No. 14-3 at 186-87.  In the state court on postconviction review, Petitioner argued that the amended information that added the second count was filed more than a year after his initial arrest. The state court rejected this claim because, as discussed above, evidence of Petitioner's flight would have been admitted notwithstanding the resisting-arrest charge, and Petitioner failed to allege that even if counsel had filed a motion for discharge, the State would not have been unable to bring Petitioner to trial under the state-law speedy trial recapture period. *Id*. at 187.

Respondent contends that Petitioner is not entitled to federal habeas review of this speedy-trial claim because at the time the instant Petition was filed, his 364-day sentence for that conviction, imposed in June 2005 with 364 days of credit for time served, had long since expired.  ECF No. 22 at 10-11.

"[T]he federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'"  *Maleng v. Cook*, 490 U.S. 488, 490 (1989).  A petitioner must be in custody pursuant to the conviction or sentence under attack, and is not considered in custody once that sentence has "fully expired." *Maleng*, 490 U.S. at 491-492.  A person whose sentence has fully expired at the time a habeas petition is filed is not "in custody" for habeas corpus purposes even though collateral consequences flow from a prior conviction.  "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual "in custody" for the purposes of a habeas attack upon it."  *Id*. at 492.  (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)).

In this case, it is clear that Petitioner was no longer "in custody" for

the resisting-arrest conviction at the time the instant Petition was filed. Accordingly, this claim is due to be denied.

To the extent that Petitioner argues that counsel's failure to assert a speedy-trial objection implicates his sexual-battery conviction, as the state court found, counsel did seek to exclude such evidence and the state court determined that evidence of Petitioner's flight would have been admitted even if he had not been charged with resisting arrest.  ECF No. 14-3 at 186-87.  Petitioner has failed to show that the state court's rejection of this ineffective-assistance claim was "so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'"  *Burt,* 134 U.S. at 15.

### Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a

constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

For the foregoing reasons, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254,  ECF No. 1, should be **DENIED** and a COA should be **DENIED.**

**IN CHAMBERS** this 15th day of January 2015.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

      Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.